UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-123 |
| v. | * | SECTION: "T" |
| JAVANTI COLER and DEONDRE GRAMMA | * | |

**ORDER**

Before the Court is a Motion to Suppress Evidence filed by Defendants Javanti Coler and Deondre Gramma.[1] The government filed a response opposing the motion.[2] Defendants filed a reply with leave of Court.[3] The Court thereafter conducted a hearing on the motion, at which time the government introduced a video of the traffic stop in question.[4] For the following reasons, the Court will DENY Defendants' Motion to Suppress Evidence.[5]

The Court must analyze a traffic stop under the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). Under *Terry*, the Court must determine (1) whether the officer's action was justified at its inception and (2) whether the officer's actions were reasonably related to the circumstances that justified the stop. First, the Court finds the traffic stop to have been supported by the officer's observation of the dark tint. Although Defendants argue the stop was pretextual, the Court finds the officers were justified in stopping the vehicle based on the perceived dark tint of the windows. The officers clearly advised the driver of the basis for the stop and the officer verified that the window tint on the front doors were in fact illegal via a certified window tint meter.

Second, the Court finds the officers' actions in questioning the occupants of the vehicle

---

[1] R. Doc. 43.
[2] R. Doc. 47.
[3] R. Doc. 52.
[4] R. Doc. 57; *see also* R. Doc. 48.
[5] R. Doc. 43.

were reasonably related in scope to the circumstances that justified the original stop. The officers permissibly asked the driver and the occupants for identification. Once the officers determined the driver was wanted on an outstanding arrest warrant, the situation changed from an ordinary traffic stop to a criminal investigation. The officers also had a reasonable basis to further question the identity of the occupants when they believed that the front seat passenger, Mr. Gramma, had provided a false identification and then determined that Mr Gramma was wanted on an outstanding felony arrest warrant. The Court does not find the stop was improperly extended, because the officers' actions were reasonably related to the circumstances and it was less than 10 minutes into the stop when Mr. Gramma jumped into the driver's seat, exited the vehicle, and fled the scene. Mr. Gramma was apprehended, and a weapon was found on his person. Another officer observed Mr. Coler discard a firearm into a ditch.

In sum, the Court finds the testimony of the officers to be credible. The traffic stop was not a pretext for a search for contraband. The officers had a reasonable basis for stopping the vehicle to check the tint. The officers' actions in requesting identification from the driver and the occupants were permissible under Fifth Circuit jurisprudence. Thereafter, the situation became more than a traffic stop, and the officers' actions were reasonably related in scope to the circumstances that justified the original stop. Accordingly, the Court hereby denies the motion to suppress the evidence.

**IT IS ORDERED** that the Motion to Suppress is DENIED.

New Orleans, Louisiana, this 1st day of September, 2020.

_____
HONORABLE GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE